## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARVELLOUS DAY ELECTRIC (S.Z.) CO., LTD.,** | ) ) | **No. 11 C 8756** |
| Plaintiff, | ) ) ) | **Judge John J. Tharp** |
| v. | ) ) | |
| **ACE HARDWARE CORPORATION,** | ) ) | |
| Defendant. | ) ) | |
| **MARVELLOUS DAY ELECTRIC (S.Z.) CO., LTD.,** | ) ) ) ) | **No. 11 C 8768** |
| Plaintiff/Counterdefendant, | ) ) | |
| and | ) ) | **Judge John J. Tharp** |
| **HSIN-WEI WU** | ) ) ) | |
| Counterdefendant, | ) ) | |
| v. | ) ) ) | |
| **HOLIDAY BRIGHT LIGHTS, INC. and RICHARD MARTINI,** | ) ) ) ) | |
| Defendants/Counterplaintiffs. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Marvellous Day Electric (S.Z.) Co., Ltd. ("Marvellous Day") moves the Court to reconsider its October 2, 2012 opinion and vacate the portions of that order dismissing Marvellous Day's claims under two Illinois state statutes, the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 Ill. Comp. Stat. 510/2, and the Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Ill. Comp. Stat. 505/2. Marvellous Day argues for the first time in its

motion for reconsideration that it has standing to sue under the UDTPA and CFA even if it is not a competitor of the defendant. Marvellous Day's argument has merit; it need not prove competition between the parties in order to state UDTPA or CFA claims. Even though Marvellous Day waived the argument by failing to raise it in response to the defendants' motions to dismiss, the Court, in its discretion, credits the argument because the case has not progressed and the defendants are not prejudiced. Therefore, the portion of the Court's previous order dismissing Marvellous Day's UDTPA and CFA claims with prejudice is vacated. Those claims are still dismissed without prejudice, however, because Marvellous Day has failed to establish materiality or causation.

## BACKGROUND

Marvellous Day filed two separate lawsuits: No. 11 C 8756 against Ace Hardware Corp. ("Ace"); and No. 11 C 8768 against Holiday Bright Lights, Inc. ("HBL") and Richard Martini. The core of Marvellous Day's claim is that the defendants infringed on its patented ornamental LED string lights ("Christmas lights"), but more pertinent to this motion, Marvellous Day alleged that the defendants violated the Lanham Act, UDTPA, and CFA by advertising their Christmas lights as "always lit" and "patented." The defendants moved to dismiss all of Marvellous Day's claims other than the patent infringement claims because, among other reasons, the defendants did not compete with Marvellous Day, and therefore Marvellous Day could not have suffered a "competitive injury." The defendants argued (with citation to authority) that a plaintiff must allege that it is a competitor of the defendant to have standing to sue under the Lanham Act, and that UDTPA and CFA claims require the same factual elements as Lanham Act claims. Therefore, according to the defendants, if Marvellous Day's Lanham Act claims failed, its UDTPA and CFA claims also failed. Marvellous Day responded by arguing,

2

incorrectly, that it did compete with the defendants, and therefore it had stated valid claims. Marvellous Day did not argue that its UDTPA and CFA claims could survive even if its Lanham Act claim was dismissed because it did not compete with the defendants. The Court rejected Marvellous Day's argument that it competed with the defendants, and dismissed the Lanham Act, UDTPA, and CFA claims with prejudice on October 2, 2012.[1]

More than six months later, in April, 2013, Marvellous Day filed (in 11 C 8756) a first amended complaint, and (in both lawsuits) a Fed. R. Civ. P. 60(b) motion to vacate the portions of the October 2, 2012 order that dismissed its UDTPA and CFA claims. Marvellous Day argues, for the first time, that it stated valid UDTPA and CFA claims even if the defendants were not its competitors. Therefore, Marvellous Day argues, the Court committed legal error by accepting the defendants' (at the time unopposed) argument that the UDTPA and CFA claims must be dismissed unless the parties were competitors.

**DISCUSSION**

Rule 60(b), which Marvellous Day invokes as authority to reconsider the prior order, is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984). Relief may be granted pursuant to Rule 60(b) "under exceptional circumstances," and the Seventh Circuit characterizes the district court's "considerable latitude" in deciding Rule 60(b) motions as "discretion piled on discretion." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012).

Generally, arguments raised for the first time in connection with a motion for reconsideration are deemed to be waived. *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004).

---

[1] In addition to dismissing the claims with prejudice because the parties were not competitors, the Court also explained that it would have independently dismissed the claims *without* prejudice because Marvellous Day failed to establish the materiality or causation elements of the claims.

3

As explained above, prior to its motion for reconsideration, Marvellous Day never argued that its UDTPA and CFA claims could succeed even if it was not in direct competition with the defendants. In other words, Marvellous Day waived that argument.

However, the Court will exercise its discretion to reconsider its order pursuant to Rule 60(b)(6), which allows relief from judgment for "any . . . reason that justifies relief." *See* 11 Wright & Miller, *Federal Practice & Procedure* § 2857 (3d ed. 2010) ("A number of cases say that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue."). Here, there are several reasons why reconsideration is appropriate. First, allowing reconsideration does not work any substantial prejudice on the defendants. In conjunction with its October 2, 2012 order, the Court stayed discovery on the surviving patent infringement claim. Though the stay was lifted on March 21, 2013, discovery remains in its infancy, and the Court has not yet set a discovery schedule. The case has not progressed because the parties and the Court have been waiting for a ruling from the U.S. Patent Office regarding the validity of Marvellous Day's patent. Second, Marvellous Day recently filed its first amended complaint in case 11 C 8756, adding new claims that Ace violated the UDTPA and CFA by using photographs of Marvellous Day's Christmas lights in its advertising for Christmas lights that are actually produced by HBL. Ace has moved to dismiss those new claims, arguing that they are barred because the parties are not competitors, among other reasons. Therefore, whether Marvellous Day's new claims will survive turns, in part, on the same question that Marvellous Day raised in its motion to vacate. Third, the Court allows reconsideration because Marvellous Day's new argument is persuasive, as is explained below.

Marvellous Day's argument that it has standing to bring UDTPA and FCA claims against non-competitors is correct. The UDTPA explicitly states: "In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties . . . ." 815 Ill. Comp. Stat. 510/2(b). The courts that have interpreted that language have found it to mean precisely what it says: Illinois UDTPA actions are not limited to lawsuits among competitors. *See Knoll Pharm. Co. v. Auto. Ins. Co. of Hartford*, 152 F. Supp. 2d 1026, 1037 (N.D. Ill. 2001); *Thompson v. Spring-Green Lawn Care Corp.*, 126 Ill. App. 3d 99, 113, 466 N.E.2d 1004, 1015 (1st Dist. 1984) ("Under Illinois law, a plaintiff may be granted relief under the theory of unfair competition whether or not his product or service is in direct competition with the defendant's product or service."). And many courts have allowed CFA actions to proceed where the plaintiff is not a competitor of the defendant, such as when the plaintiff is a consumer. *See, e.g., Bixby's Food Sys., Inc. v. McKay*, 193 F. Supp. 2d 1053, 1064-65 (N.D. Ill. 2002) (allowing CFA claim by franchisee against franchisor); *Petri v. Gatlin*, 997 F. Supp. 956 (N.D. Ill. 1997) (allowing CFA claim by consumer).

In response, the defendants cite to cases similar to those upon which the Court relied in its previous order, which state that UDTPA "claim[s] depend[] upon the same showing as . . . Lanham Act claim[s]." *American Bankcard Ctr., Inc. v. Peach Tree Bancard Corp.*, No. 90 C 2456, 1993 WL 286479, *5 (N.D. Ill. July 28, 1993) (*denying* defendant's motion for summary judgment on UDPTA claim); *see also Doctor's Data, Inc. v. Barrett*, No. 10 C 3795, 2011 WL 5903508, *8-9 (N.D. Ill. Nov. 22, 2011) (dismissing UDTPA and CFA claims for same reasons as Lanham Act claims). These cases, however, do not specifically discuss whether competition between the parties is required under the UDTPA, and if so, how that requirement is compatible with the plain language of 815 Ill. Comp. Stat. 510/2(b). *See also Kensington's Wine Auctioneers*

5

*& Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d. 1, 10, 909 N.E.2d 848, 858 (1st Dist. 2009) (assuming without discussion that plaintiff must be competitor to have standing to bring UDTPA claim). That UDTPA and CFA claims *often* rise or fall with Lanham Act claims is undoubtedly true, but that does not mean that the test for UDTPA and CFA claims *exactly* mirrors the test for Lanham Act claims, nor that UDTPA and CFA claims can *never* survive when Lanham Act claims fail. Here we have just such a situation: the Lanham Act requires that the parties be competitors, s*ee L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc.*, 9 F.3d 561, 575 (7th Cir. 1993), while the UDTPA and CFA do not. 815 Ill. Comp. Stat. 510/2(b) ("In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties . . . ."). Therefore, in this situation the UDTPA and CFA claims survive although the Lanham Act claim fails.

The defendants also make the seemingly novel argument that a plaintiff has standing to bring a UDTPA or CFA claim only if the plaintiff is either (1) a competitor, (2) a consumer, or (3) at the same level of the distribution chain of a type of product or service. But that argument has already been rejected in the UDTPA context. In *Storck USA, L.P. v. Levy*, No. 90 C 5382, 1991 WL 60562, *2 (N.D. Ill. Apr. 15, 1991), the defendant moved to dismiss a UDTPA claim on the ground that the plaintiff "is not a consumer or a competitor" of the defendant. The court noted that there is a "paucity of cases brought under the [UDTPA] in which the plaintiff was not a competitor or consumer of the defendant," but rejected the defendant's argument because the test for standing is whether the plaintiff "is likely to be damaged by [the defendant's] deceptive trade practice." *Id.* at *3 (internal quotation omitted).[2] The defendants have not presented any compelling argument why UDTPA and CFA claims are open to competitors and consumers, but

---

[2] To their credit, the defendants informed the Court of the *Storck* case as contrary authority.

closed to other entities that are harmed by allegedly unlawful conduct (as Marvellous Day now claims to be). That there have historically been few suits brought by non-consumer, non-competitor plaintiffs is no reason to bar those suits going forward. Because nothing in the text or the case law requires plaintiffs suing under the UDTPA or CFA to be competitors of the defendant, the Court will vacate its previous dismissal of Marvellous Day's UDTPA and CFA claims on the ground that it was not a direct competitor of the defendants.

This does not cure the other problems with Marvellous Day's UDTPA and CFA claims, however. In its previous complaints, it failed to plead facts demonstrating that the defendants' allegedly unfair practices were material or caused it any damage. But those flaws could conceivably be remedied in an amended complaint. Therefore, Marvellous Day is granted leave to file a second amended complaint in 11 C 8756 and a first amended complaint in 11 C 8768 by June 14, 2013, solely for the purpose of reinstating its previous UDTPA and CFA claims. Marvellous Day may amend those specific claims however it sees fit, but it may not make any changes to the other counts of its complaints, nor may it assert additional new claims.

In 11 C 8756, Ace's motion to dismiss and memorandum in support (Dkt. 64-65) and Marvellous Day's response thereto (Dkt. 67) will be construed to apply to Marvellous Day's second amended complaint. Ace is granted leave to file a five-page supplemental brief to argue for dismissal of the UDTPA and CFA counts included in the second amended complaint within 14 days after the complaint is filed. Marvellous Day may file a five-page supplemental response brief within 14 days of Ace's supplemental brief. In 11 C 8768, HBL and Martini are granted leave to file a five-page motion to dismiss Marvellous Day's first amended complaint within 14 days after the complaint is filed. Marvellous Day may file a five-page response in opposition to that motion.

\* \* \*

For the reasons set forth above, Marvellous Day's motion to vacate portions of the October 2, 2012 order is granted. The order is modified as explained above to reflect dismissal of the UDTPA and CFA claims in Marvellous Day's original complaints without prejudice.

Entered: May 28, 2013

John J. Tharp, Jr.
United States District Judge